## Vance *versus* Nogle.

1. Nogle contracted to sell land to a married daughter with the consent of her husband for $2500 in instalments, and a portion of the products during his own and his wife's life; the daughter made the first payment, and entered into possession; the father died, bequeathing all his estate to his wife, who for some years received the products from the daughter who also tendered the instalments as they became due. *Held*, that the contract was binding on the vendor notwithstanding the coverture of the vendee, she having performed the conditions.

2. A wife may acquire separate property in equity by agreement with her husband without intervention of trustees.

3. A contract between a vendor and feme covert cannot be rescinded by him except by her refusal to perform the conditions.

4. Walker *v.* Coover, 15 P. F. Smith, recognised.

November 17th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Lawrence county*: No. 31, to October and November Term 1871.

This was an ejectment commenced, 20th of April 1866, by Elizabeth Nogle against Robert Vance, for a tract of 100 acres of land.

John Nogle being the owner of the premises in dispute, on the 11th of July 1864 entered into an agreement in writing and under seal with his daughter Caroline Vance, who was the wife of Robert Vance, by which he sold the premises to Mrs. Vance. The agreement recited that the land was in the possession of Rezin Nogle, and the vendor covenanted to convey it to Mrs. Vance for the consideration of $2500, "to be paid as follows: $2 in hand, the receipt of which is hereby acknowledged by signing this article, and $200, two years from the 1st day of October next, and $200 per year, from the 1st of October 1864, until the full amount, $2500 aforesaid, is paid. And it is further agreed, that the said Caroline Vance, as a part of conditions for said land in addition to the aforesaid amount, shall give the said party of the first part, the one-third of all the agricultural products of said farm, to be delivered at his residence in Newport, Penna., or so much thereof as he or his wife may require for their own use, and the balance, if any, to a convenient market. This part of the con-

[Vance v. Nogle.]

tract is to continue during the natural lifetime of the said John Nogle and his wife and then to cease. And it is further agreed by and between the parties that a deed shall be made to the party of the second part, his heirs or assigns, by the surviving executor or executors or administrators of said John Nogle, and after the decease of the said John Nogle and his wife, and he or they, the said executors or administrators, shall secure the balance of the purchase-money, if any shall remain unpaid, by bond or mortgage on the land, at or before the delivery of the deed. Possession to be given on the 8th day of October next." * * *

John Nogle died in September 1864, leaving a will by which he gave all his estate, real and personal, to his wife, the plaintiff, during life, with power to dispose of the same by will or otherwise.

The case was tried, December 5th 1870, before McGuffin, P. J.

William C. Harbeson, the executor of the will, testified that the plaintiff produced the articles of agreement to the appraisers of the testator's personal estate; she knew that the purchase-money due upon them had been appraised; the defendant had tendered to him the payments stipulated for in the agreement as they became due.

The assessor of the township testified that by the direction of the plaintiff, the land was changed after the death of the testator, from "John Nogle's heirs" to "R. M. Vance."

The defendant testified that the plaintiff, after the testator's death, told him to get possession of the farm from Rezin, who had not used them well, "as she would hold us to the article." The defendant and wife brought an ejectment against Rezin, and got possession, March 1st 1865. He had delivered to the plaintiff the products of the farm under the article until the fall of 1867, when she refused to receive them.

The following are points of the parties, with their answers:—
Defendant's:

2. There being no allegation or evidence of fraud, deceit, undue influence, imposition, or any unfairness on the part of Caroline Vance; or of want of capacity, mistake or surprise on the part of John Nogle, in the making of the contract; or of any want or failure of consideration, inadequacy of price or other hardship in the contract itself; if Caroline Vance has performed the contract on her part, equity will not rescind or cancel it, even though it might not now specifically execute it; but will restrain the plaintiff from executing her legal title, so long as the defendant does equity by keeping the contract.

Answer: "We answer in the negative. All the facts alleged in the point being admitted; the plaintiff, under the evidence before the jury, in consequence of the inability of Mrs. Vance to contract in such manner, may still rescind the contract and resort

20 P. F. Smith—12

[Vance *v.* Nogle.]

to such action to obtain the possession of the land, leaving the defendant and wife to their remedy, if any, upon the contract."

4. If the jury find that Elizabeth Nogle was present when this contract was made, heard it read, knew its terms or provisions; that after her husband's death, with full knowledge of all the facts, and acting *sui juris*, she requested Caroline Vance or her husband to sue for and recover possession of this land in pursuance of the contract; that she would look to them or hold them to its fulfilment or performance; that she exhibited this contract to the appraisers of the estate of John Nogle, deceased, for the purpose of having the purchase-money therein mentioned appraised as part of his estate, and had such appraisement made and filed in the register's office; that in obedience to her request and notice, Caroline Vance brought suit, recovered this land, moved upon it, farmed it, and from time to time delivered to Elizabeth Nogle her share of the agricultural products raised thereon, in accordance with the terms of the contract, and that she (Elizabeth Nogle) received them for a year or more; and that Caroline Vance has since tendered to her, Elizabeth Nogle, her share of the products of said land, and has tendered the purchase-money as it became due to the executors, or either of them; Elizabeth Nogle is estopped in law and in equity from asserting or recovering her legal title against said Caroline Vance.

Answered in the negative.

5. This is in effect a grant or contract for the conveyance of this land to Caroline Vance, upon condition of performance on her part of the stipulations therein contained to be by her performed; and that so long as she performs or tenders her performance of the conditions on her part, equity will enforce the grant.

Answer: "This is but an executory contract, and is not a conveyance complete, but provides therein for a further assurance to be made and delivered by the legal representatives of John Nogle; we therefore answer this point in the negative."

Plaintiff's:

3. The contract under which plaintiff claims was not merely a *voidable* but a *void* contract, a *nudum pactum*, and therefore incapable of confirmation or ratification; the testimony in this case exhibits no act or state of facts by which plaintiff is estopped from asserting her title under the will.

Answer: "The contract was void and incapable of being enforced by law, yet the parties might consummate it, all being willing, although not binding at its inception, could be ratified by its full execution in fact. And being but executory, the evidence of the performance of the covenants, so far, by the defendant and his wife are not such acts as against the plaintiff as will estop her from asserting her title to the land, on a refusal to proceed any further with the consummation of the contract in evidence."

[Vance v. Nogle.]

The jury found for the plaintiff.

The defendant took a writ of error, and assigned for error :

1–3. The answers to the defendant's points.

4. The answer to the plaintiff's point.

*D. B. & E. T. Kurtz.*—Ejectment may be defended against by a contract which would not be specifically enforced : Greenlee *v.* Greenlee, 10 Harris 225. The vendee having complied with his part of the contract, his title cannot be defeated by one who encouraged him to improve, &c. : Maple *v.* Kussart, 3 P. F. Smith 348 ; Crowell *v.* Meconkey, 5 Barr 168 ; Hamilton *v.* Hamilton, 4 Id. 193 ; Wilson *v.* Bigger, 7 W. & S. 111. Estoppels do not depend on distinctions between void and voidable sales : Smith *v.* Warden, 7 Harris 424 ; Stroble *v.* Smith, 8 Watts 280 ; Spragg. *v.* Shriver, 1 Casey 282 ; Fulton *v.* Moore, Id. 468 ; Big Mount. Imp't Co.'s Appeal, 4 P. F. Smith 361. The plaintiff by taking the products concluded herself : Share *v.* Anderson, 7 S. & R. 43 ; Johnson *v.* Fritz, 8 Wright 449 ; Adlum *v.* Yard, 1 Rawle 163. A post-nuptial contract void at law may be good in equity : Duffy *v.* Ins. Co., 8 W. &. S. 413 ; McKennan *v.* Phillips, 6 Whart. 571 ; Hutton *v.* Duey, 3 Barr 100. A contract which could not be enforced ; if performed by one party cannot be repudiated by the other : School Directors *v.* McBride, 10 Harris 215 ; Troxell *v.* Lehigh & Cr. Iron Co., 6 Wright 513. Mrs. Vance can hold the land so long as she performs the conditions : Baxter *v.* Smith, 6 Binn. 427 ; Patterson *v.* Robinson, 1 Casey 81. As to mutuality in the contract they cited 3 Parsons on Contracts 409 ; S. Eastern Railr. *v.* Knott, 17 Eng. L. & Eq. 555 ; Stapilton *v.* Stapilton, 1 Atkyns 2 ; Sutherland *v.* Briggs, 1 Hare 34 ; Erwin *v.* Myers, 10 Wright 96 ; Grove *v.* Hodges, 5 P. F. Smith 504.

*D. Craig* and *L. Taylor*, for defendant in error.

The opinion of the court was delivered, November 20th 1871, by

Agnew, J.—This is not a contest between the creditors of a husband and a wife claiming property acquired by her after marriage, in which she is required to show clearly and precisely a separate estate which has gone into the purchase. Here a vendor is seeking to get back, by ejectment from a feme covert vendee, property of which she took possession under her purchase, has in part paid for, and stands ready and offers to pay for, according to her contract, and the court below sustained the vendor's suit on the ground that the contract was void at law by reason of the coverture. This was a clear error. " That a wife (says Judge Rogers) can acquire a separate property, which a court of equity will protect, is ruled in many cases and is recognised in McKennan *v.*

[*Vance v.* Nogle.]

Phillips, 6 Whart. 576.    See Hunter *v.* Cochran, 3 Barr 105. And in McKennan *v.* Phillips, Chief Justice Gibson put the question, "can a wife acquire a separate property in equity by an agreement with her husband, without the intervention of trustees?" And, he replies, "a countless train of authorities at once spring up to show that she can." The same question had been discussed by Justice Kennedy, and numerous authorities vouched, with the same result, in Duffy *v.* Insurance Co., 8 W. & S. 413. The doctrine of legal unity, as between husband and wife, was afterwards most fully discussed in its influence upon her right of property, and many authorities collated in the case of Williams's Appeal, 11 Wright 307. Chief Justice Woodward differed from the majority of the court, not on the doctrine of equity, but upon the effect of a judgment as a purely statutory lien when standing in the name of a wife against a husband. Justice Thompson was not in the case, but his opinion on the subject is given in Pennsylvania Salt Co. *v.* Neel, 4 P. F. Smith 17, holding that a deed from a husband and wife to the wife as the second party "is sustainable in equity, and has (he says) always been so held in this state on equitable principles, although the action might be a common-law action." When authorities are so numerous sustaining deeds between husband and wife against the common-law doctrine of their legal unity, one would think the learned court below would not have found it difficult to sustain an agreement to convey to a wife whose husband is assenting thereto, by a vendor who was herself *sui juris.* On what principle of equity, where the feme covert vendee is in possession making improvements, paying as far as she is permitted, and ready and willing to pay the remainder, shall the vendor be permitted to rescind and turn her out of possession? Clearly nothing short of an unwillingness and a refusal of the feme covert to comply with the contract can justify a rescission. It is said she may be unable and therefore may fail to comply. But this is no ground of present rescission. When that event happens the vendor will have her remedy, and can turn both wife and husband out of possession, and thus end . the contract. In principle this case is decided by Walker, garnishee, *v.* Coover, 15 P. F. Smith 430. It was there held that an assignment of two bonds to a married woman as collateral security, upon her undertaking to pay certain debts of the assignor, was good, notwithstanding her coverture, she having paid a part of the debts, and going on to pay the remainder. The attaching creditor could not strike down the assignment as void. We are of opinion, therefore, that the learned judge below erred in his rulings on this the only real question in this cause, and the

Judgment is therefore reversed, and a *venire facias de novo* awarded.